**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JASON TAYLOR, individually and on behalf of all others similarly situated, <br><br><br> Plaintiff, <br><br> v. <br><br> VIATRIS INC., MICHAEL GOETTLER, RAJIV MALIK, SANJEEV NARULA, ANTHONY MAURO, and WALT OWENS, <br><br> Defendants. | Case No.: 2:23-cv-00812-MJH <br><br> CLASS ACTION |
| KATHRYN P. MCCORD, individually and on behalf of all others similarly situated, <br><br><br> Plaintiff, <br><br> v. <br><br> VIATRIS INC., MICHAEL GOETTLER, RAJIV MALIK, SANJEEV NARULA, ANTHONY MAURO, and WALT OWENS, <br><br> Defendants. | Case No.: 2:23-cv-01098-MJH <br><br> CLASS ACTION |

**MEMORANDUM IN SUPPPORT OF MATTHEW CLECKLER'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT.................................................................................................................1

STATEMENT OF FACTS ....................................................................................................................2

PROCEDURAL HISTORY ..................................................................................................................4

ARGUMENT .......................................................................................................................................4

    I.      CONSOLIDATION OF THE ACTIONS IS APPROPRIATE ...................................4

    II.     APPOINTING MOVANT AS LEAD PLAINTIFF IS APPROPRIATE.....................5

        A.      The Procedural Requirements Pursuant to the PSLRA............................................5

        B.      Movant Is the "Most Adequate Plaintiff". ..............................................................6

            1.      Movant Has Complied with the PLSRA and Should Be Appointed Lead
                  Plaintiff...............................................................................................................6

            2.      Movant Has the Largest Financial Interest in the Actions. ...............................7

            3.      Movant Satisfies the Requirements of Rule 23.................................................7

                i.      Movant's Claims Are Typical of the Claims of All Class Members. ................8

                ii.     Movant Will Adequately Represent the Class. ...........................................9

    III.    APPROVAL OF MOVANT'S CHOICE OF LEAD COUNSEL IS APPROPRIATE.
        .............................................................................................................................10

CONCLUSION .....................................................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Beck v. Maximus, Inc.,*
  457 F.3d 291 (3d Cir.2006)......................................................................................................9

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002)..................................................................................................10

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)..........................................................................................7, 8, 9, 10

*City of Roseville Employees' Retirement System v. Horizon Lines Inc.,*
  No. 08-969, 2009 WL 1811067 (D. Del. June 18, 2009)............................................................6

*Cohen v. U.S. Dist. Court for the Northern Dist. of Cal.*,
  586 F.3d 703 (9th Cir. 2009)...................................................................................................10

*Cortese v. Radian Group, Inc.*,
  No. 07-3375, 2008 WL 269473 (E.D. Pa. Jan. 30, 2008) ...........................................................8

*Ferrari v. Impath, Inc.,*
  2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) .........................................................5

*Hassine v. Jeffes*,
  846 F.2d 169 (3d Cir.1988).....................................................................................................8

*In re Herley Ind., Inc.*,
  No. 062596, 2010 WL 176869 (E.D. Pa. Jan. 15, 2010) .........................................................10

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990)................................................................................................4, 5

*Martingano v. Am. Int'l Grp., Inc.,*
  Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11, 2006) ..............5

*In re Prudential Ins. Co. of Am. Sales Practices Litig.,*
  148 F.3d 283 (3d Cir.1998) ....................................................................................................9

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) ............................................................................................4

**Statutes**

15 U.S.C. § 78u-4................................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ...............................................................................................................*passim*

Fed. R. Civ. P. 42(a)............................................................................................................4, 5

Matthew Cleckler ("Movant") hereby moves for an order: (1) consolidating the above-captioned actions (the "Actions"); (2) appointing Movant as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PLSRA"); and (3) approving Movant's selection of Levi & Korsinsky, LLP as Lead Counsel and Pribanic & Pribanic, LLC as Liaison Counsel.

## PRELIMINARY STATEMENT

This is a federal class action on behalf of all persons or entities who purchased or otherwise acquired Viatris Inc. ("Viatris" or the "Company") common stock between March 1, 2021 and February 25, 2022, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

The Actions were filed against the Company, Michael Goettler ("Goettler"), Rajiv Malik ("Malik"), Sanjeev Narula ("Narula"), Anthony Mauro ("Mauro"), and Walt Owens ("Owens"), (collectively "Defendants", and defendants other than the Company, "Individual Defendants"), and is pending in this Court. On May 15, 2023, the first notice that a class action had been initiated against defendants was published on *Accesswire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as lead plaintiff no later than 60 days after the issuance of the notice. *See* Declaration of Vincent A. Coppola ("Coppola Decl.") at Exhibit ("Ex.") C. Movant has timely filed this motion and seeks appointment as lead plaintiff.

As described in the certification and loss chart attached to the Coppola Decl. as Exhibits A and B, respectively, Movant has suffered losses of approximately $48,569.78 due to his purchases of Viatris common stock during the proposed Class Period. To the best of his knowledge, Movant sustained the largest loss of any investor seeking to be appointed as lead plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Movant's certification also demonstrates his intent to serve as lead plaintiff in this litigation, including his cognizance of the duties of serving in that role. Movant fully understands his duties and responsibilities to the Class and is willing and able to oversee counsel's vigorous prosecution of the Actions. As a result, Movant satisfies the applicable requirements of both the PSLRA and Rule 23 of the Federal Rules of Civil Procedure. Movant is thus to be accorded a presumption of being the "most adequate plaintiff."

## STATEMENT OF FACTS[1]

Viatris is a global healthcare corporation, organized under the laws of the State of Delaware. ¶ 14. The Cpmpany was formed on November 16, 2020 through a combination of Mylan N.V. and Pfizer Inc.'s Upjohn Business (the "Business Combination"). *Id.* Its common stock trades on the Nasdaq under the ticker symbol "VTRS." *Id.*

At the outset of the Class Period, Viatris announced a multi-phase plan, the first phase of which that would allow it to, inter alia: (i) create a stable revenue base; (ii) realize $1 billion in cost synergies by 2024; and (iii) improve cash conversion and free cash flow generation. ¶ 2. Defendants claimed that Viatris would achieve its first phase goals through, inter alia, its strong pipeline of new products, including those in its biosimilars business. ¶ 3. Defendants further represented that Viatris' strong pipeline and business development would offset erosion of the Company's base business. *Id.*

---

[1] Citations to "¶ __" are to paragraphs of the Complaint for Violations of the Federal Securities Laws (the "*Taylor* Complaint") filed in the action entitled *Taylor v. Viatris Inc., et al.*, Case No. 2:23-cv-00812-MJH (the "*Taylor* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Taylor* Complaint. The facts set forth in the *Taylor* Complaint are incorporated herein by reference.

Throughout the Class Period, the Company falsely represented that: (i) 2021 was a "trough year" for Viatris; (ii) $6.2 billion was the adjusted EBITDA "floor" for Viatris; (iii) its biosimilars business was a core part of the Company's long-term investment strategy; (iv) it was managing resource allocation to meet its phase one objectives and manage Viatris' base business erosion; (v) base business erosion was being and would continue to be offset by new product launches, including those in its biosimilars business; and (vi) base business erosion was in line with Defendants' expectations. ¶ 4.

Before the market opened on February 28, 2022, Defendants revealed that, in light of the prolonged failure of Viatris' Class Period plan, the Company had decided to undertake yet another significant global reshaping of its business. ¶ 6. Indeed, Defendants unexpectedly announced that Viatris had entered into an agreement to sell its biosimilars business to Biocon Biologics Limited, which was anticipated to close in the second half of 2022. *Id.* The Company also divulged that it was seeking to divest additional business assets and focus on developing products in three core therapeutic areas as a part of its global reshaping. *Id.*

Contrary to Defendants repeated representations, 2021 was far from Viatris' "trough year" and an adjusted EBITDA of $6.2 billion was not its "floor." ¶ 7. Indeed, that same day, Defendants announced lower-than expected guidance for fiscal year 2022 with total revenues expected to be between $17.0 to $17.5 billion, adjusted EBITDA expected to be $5.8 to $6.2 billion, and free cash flow expected to be $2.5 to $2.9 billion. *Id.* The Company attributed the lower-than expected guidance, in part, to competition around key core products and price deterioration in certain markets, including the United States. *Id.*

In response to this news, Viatris' stock price dropped approximately 24%, or $3.53 per share of common stock, from a closing price on February 25, 2022 of $14.54 per share, to a close on February 28, 2022 of $11.01. ¶ 8.

## PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Taylor* Action against the Defendants. Plaintiff Jason Taylor ("Taylor") commenced the first-filed action on May 12, 2023. On May 15, 2023, counsel acting on Taylor's behalf published a notice on *Accesswire* announcing that a securities class action had been initiated against the Defendants. *See* Coppola Decl., Ex. C ("Press Release").

On June 15, 2023, a substantially similar action was filed against Viatris in this Court, styled *McCord v. Viatris Inc., et al.,* Case No. 2:23-cv-01098-MJH (the "*McCord* Action"). Movant has requested consolidation of the *Taylor* and *McCord* Actions

## ARGUMENT

## I.   CONSOLIDATION OF THE ACTIONS IS APPROPRIATE

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)).

Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

## II.    APPOINTING MOVANT AS LEAD PLAINTIFF IS APPROPRIATE

### A.    The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions. *See* 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Accesswire* on May 15, 2023 (*See* Coppola Decl., Ex. C). This notice announced that applications for appointment as lead plaintiff had to be made within

60 days from that date. As the PSLRA notes, after publication of the required notice, any member

or members of the proposed Class may apply to the Court to be appointed as lead plaintiff, whether

or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of

pendency of the action, the Court shall appoint as lead plaintiff the movant or movants that the

Court determines to be most capable of adequately representing the interests of Class Members. 15

U.S.C. § 78u-4(a)(3)(B)(i). This involves a two-step process. "First, [the Court should] identify a

presumptive lead plaintiff, and second, [] determine whether the presumption has been rebutted."

*City of Roseville Emples' Retirement Sys. v. Horizon Lines Inc.,* No. 08-969, 2009 WL 1811067, at

*1 (D. Del. June 18, 2009). As indicated by the PSLRA:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private
> action arising under this title is the person or group of persons that—
>
>> (aa) has either filed the complaint or made a motion in response to a
>>     notice...
>> (bb) in the determination of the court, has the largest financial interest in
>>     the relief sought by the class; and
>>
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of
>>     Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).

### B. Movant Is the "Most Adequate Plaintiff".

#### 1. Movant Has Complied with the PLSRA and Should Be Appointed Lead Plaintiff.

Movant has met the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) by timely filing a

motion on July 14, 2023. Moreover, Movant has sustained a substantial loss from his investment in

Viatris common stock and has shown a willingness to represent the Class. Movant has signed a

certification detailing his transaction information during the Class Period. *See* Coppola Decl., Ex.

A. As demonstrated by this certification, Movant is prepared to consult with counsel on a regular

basis prior to every major litigation event and direct the course of litigation with the benefit of counsel's advice.

In addition, Movant has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm résumés of proposed Lead Counsel Levi & Korsinsky, LLP and proposed liaison counsel of Pribanic & Pribanic, LLC are attached as Exhibit E to the Coppola Decl.

### 2. Movant Has the Largest Financial Interest in the Actions.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. As demonstrated herein, Movant (with losses of approximately $48,569.78) has the largest known financial interest in the relief sought by the Class. *See* Coppola Decl., Ex. B.

### 3. Movant Satisfies the Requirements of Rule 23.

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Of the four prerequisites to class certification outlined in Federal Rule of Civil Procedure 23 (*i.e.*, numerosity, commonality, typicality, and adequacy), only two – typicality and adequacy – are recognized by the Third Circuit as appropriate for consideration at this stage. *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). The Third Circuit further emphasizes that only a *prima facie* showing is required by Movant. *Id.* As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

### i.   *Movant's Claims Are Typical of the Claims of All Class Members.*

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory. Put differently, the relevant inquiry is whether the circumstances of the movant or movants with the largest losses are "markedly different or the legal theory upon which the claims [] are based differ [] from that upon which the claims of other class members will perforce be based." *Cendant*, 264 F.3d at 265 (citing *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988)).

In this case, the typicality requirement is met because Movant's claims are identical, non-competing, and non-conflicting with the claims of the other Class Members. Movant purchased Viatris common stock during the Class Period when the stock prices were artificially inflated as a result of the fraudulent misrepresentations and omissions. Thus, Movant and all Class Members suffered damages as a result of these purchases. They all (1) purchased Viatris common stock during the Class Period (2) at artificially-inflated prices as a result of the material misrepresentations and omissions, and (3) suffered damages thereby. *See Cortese v. Radian Group, Inc.*, No. 07-3375, 2008 WL 269473, at *2 (E.D. Pa. Jan. 30, 2008) ("Iron Workers and Ann Arbor satisfy the typicality requirement, because, like the other class members, they: 1) purchased Radian securities during the Class Period; 2) at prices that were allegedly artificially inflated by the defendants' materially false and misleading statements; and 3) suffered damages as a result.").

Although a movant or movants may be considered atypical if "subject to a unique defense that is likely to become a major focus of the litigation," *Beck v. Maximus, Inc.,* 457 F.3d 291, 301

(3d Cir.2006), Movant is not subject to any unique or special defenses. Movant thus satisfies the typicality requirement of Rule 23.

### ii.    Movant Will Adequately Represent the Class.

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to whether: (1) there are any conflicts between the interests of the Movant and other members of the Class; (2) the Movant is an adequate representative of the Class; (3) Movant's interests are clearly aligned with the interest of members of the putative Class; and (4) there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B); *Cendant*, 264 F.3d at 265 (Courts should consider whether a movant or movants "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.") (citation omitted); *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 148 F.3d 283, 312 (3d Cir.1998) (looking to whether class counsel is qualified and there is an absence of conflicts between the representative and the class).

Movant's interests are clearly aligned with the members of the Class because his claims are identical to the claims of the Class. There is no evidence of antagonism between his interests and those of the proposed Class Members. Furthermore, Movant has a significant, compelling interest in prosecuting the Actions to a successful conclusion based upon the large financial loss he has incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Movant's similar interest with the members of the Class, clearly shows that Movant will adequately and vigorously pursue the interests of the Class. In addition, Movant has selected law

9

firms that are highly experienced in successfully prosecuting securities class actions and other complex, federal litigation.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for approximately five years. He resides in Monroeville, Alabama, and possesses two master's degrees, one being a Master of Business Administration (MBA) and another in Strategic Communication. Movant is currently employed as a Senior Pharmacy Consultant at Blue Cross & Blue Shield of Alabama. Therefore, Movant will prosecute the Actions vigorously on behalf of the Class. *See* Coppola Decl., Ex. D, Movant's Declaration in support of his motion.   Therefore, because Movant not only meets both the typicality and adequacy requirements of Rule 23, but also has sustained the largest amount of losses, Movant is presumptively the most adequate plaintiff to lead the Actions.

## III.   APPROVAL OF MOVANT'S CHOICE OF LEAD COUNSEL IS APPROPRIATE.

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 273-76 (3d Cir. 2001); *see also Cohen v. U.S. Dist. Court for the Northern Dist. of Cal.*, 586 F.3d 703, 710 (9th Cir. 2009) (noting that "the lead plaintiff, not the district court, selects lead counsel"); *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). "Unless a lead plaintiff's selection of counsel would fail to protect the interest of the class, a court should not interfere with the selection process." *In re Herley Ind., Inc.*, No. 06-2596, 2010 WL 176869, at *5 (E.D. Pa. Jan. 15, 2010).

Movant has selected Levi & Korsinsky, LLP as Lead Counsel and Pribanic & Pribanic, LLC as Liaison Counsel for the Class. These firms have not only successfully prosecuted complex

securities fraud actions, but they have also successfully prosecuted many other types of complex class actions. *See* Coppola Decl., Ex. E. Furthermore, these firms have continually invested time and resources in carefully investigating and prosecuting this case. The Court may be assured that the proposed lead and liaison counsel will provide the highest caliber of legal representation.

## CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the Actions; (2) appoint Movant to serve as lead plaintiff; (3) approve Movant's selection of Levi & Korsinsky, LLP as Lead Counsel and Pribanic & Pribanic, LLC as Liaison Counsel for the Class; and, (3) grant such other and further relief as the Court may deem just and proper.

DATED: July 14, 2023

Respectfully Submitted,

**PRIBANIC & PRIBANIC, LLC**

*/s/ Vincent A. Coppola*
Vincent A. Coppola, Esq.
Penn. Attorney #50181
513 Court Place
Pittsburgh, PA 15219
Tel: (412) 281-8844
Fax: (412) 281-4740
Email: vcoppola@pribanic.com

*Liaison Counsel for Matthew Cleckler [Proposed] Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton
(*pro hac vice* forthcoming)
55 Broadway, 4th Floor
New York, NY 10006
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Matthew Cleckler and [Proposed] Lead Counsel for the Class*

11