**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JASON TAYLOR, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VIATRIS INC., MICHAEL GOETTLER, RAJIV MALIK, SANJEEV, NARUALA, ANTHONY MAURO, and WALT OWENS,<br><br>Defendants. | Case No. 2:23-cv-00812 |
| KATHRYN P. MCCORD, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VIATRIS INC., MICHAEL GOETTLER, RAJIV MALIK, SANJEEV, NARUALA, ANTHONY MAURO, and WALT OWENS,<br><br>Defendants. | Case No. 2:23-cv-1098 |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF EASTERN ATLANTIC STATES CARPENTERS PENSION, ANNUITY AND HEALTH FUNDS ("EASC") FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

Introduction ........................................................................................................................................2
Statement of facts .............................................................................................................................4
Argument ..........................................................................................................................................6
I.   EASC is the most adequate plaintiff and should be appointed as Lead Plaintiff ..............6
     A.  EASC's motion is timely .............................................................................................6
     B.  EASC has the largest financial interest in the relief sought by the Class ...................7
     C.  EASC satisfies Rule 23's requirements .......................................................................7
     D.  EASC is precisely the type of lead plaintiff envisioned by the PSLRA ......................9
II.  The Court should approve EASC's selection of lead counsel and liaison counsel ...........9
III. The related actions should be consolidated ......................................................................10
Conclusion .....................................................................................................................................11

Movant Eastern Atlantic States Carpenters Pension, Annuity and Health Funds (hereinafter Eastern Atlantic States Carpenters Benefit Funds ("EASC") or "Plaintiff")[1] submits this memorandum of law in support of its motion, under Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for entry of an order: (i) appointing EASC as Lead Plaintiff; (ii) approving EASC's selection of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") to serve as Lead Counsel for the proposed Class and Flannery Georgalis LLC ("Flannery Georgalis") to serve as Liaison Counsel for the proposed Class; and (iii) consolidating the above-captioned Related Actions.

## INTRODUCTION

On May 12, 2023, Jason Taylor, represented by Levi & Korsinsky LLP, filed a securities class action complaint alleging that Viatris and other defendants (collectively, "Defendants") defrauded investors in violation of Section 10(b) and 20(a) of the Exchange Act 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. These claims were brought on behalf of a class of all persons or entities who purchased or otherwise acquired Viatris common stock between March 1, 2021 and February 25, 2022 ("Class Period"). One month later, on June 15, Kathryn P. McCord, represented by Pomerantz LLP, filed a substantively identical securities class action complaint against Defendants, asserting the same claims, allegations, and Class Period. *See McCord v. Viatris Inc., et al.,* No. 2:23-cv-01098 (W.D. Pa.). These claims arise from misrepresentations made by Defendants concerning their consistent and repeated statements that they were committed to the biosimilars business which was going to be an important driver of Viatris' growth going forward yet they failed to disclose they were considering selling that business, as well as Defendants' statements that 2021 was a "trough year" for Viatris and that $6.2 billion was the

---

[1] Effective January 1, 2023, the EASC entities are the successor in interest to the Northeast Carpenters Pension Fund, Northeast Carpenters Annuity Fund and the Northeast Carpenters Health Fund, which are the entities that purchased the Viatris common stock during the class period.

2

"floor" for Viatris' adjusted earnings. Viatris investors, including EASC, suffered significant losses as they were informed for the first time in late February 2022, and totally out of the blue, that Viatris planned to abandon its biosimilars business.

Under the PSLRA, the Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and whether that movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons below, EASC is the "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff because of, among other things, the approximately $1.1 million in losses it incurred on its purchase of 309,727 shares of Viatris common stock during the Class Period.

EASC also meets the typicality and adequacy requirements of Federal Rule 23 because its claims are typical of those of absent Class members and because it will fairly and adequately represent the interests of the Class. Additionally, EASC is precisely the type of sophisticated institution that Congress intended to empower to lead securities class actions. EASC possesses the capability, resources, and experience to oversee this complex litigation and guarantee the vigorous prosecution of the action.

Further, as stated in its Certification, EASC is committed to actively monitoring and vigorously pursuing this action for the benefit of the Class and will strive to provide fair and adequate representation to obtain the largest possible recovery for the Class. *See id.* Ex. A ¶ 8 (PSLRA Certification).[2]

Finally, EASC requests that the Court approve its choice of Cohen Milstein to serve as Lead Counsel for the Class and Flannery Georgalis to serve as Liaison Counsel for the proposed Class.

---

[2] Unless otherwise indicated, citations to "Ex. __" are to exhibits to the Declaration of Colin Callahan in Support of the Motion of Eastern Atlantic States Carpenters Pension, Annuity and Health Funds for Appointment as Lead Plaintiff and Approval of its Selection of Lead Counsel ("Callahan Decl."), submitted concurrently with this motion and memorandum.

Cohen Milstein is a nationally recognized securities class action litigation firm that has recovered billions of dollars for defrauded investors and is highly qualified to prosecute this case. Based on EASC's significant financial interest and its commitment and ability to oversee the action, EASC requests that its appointment as Lead Plaintiff and its selection of Cohen Milstein as Lead Counsel and Flannery Georgalis as Liaison Counsel be granted.

## STATEMENT OF FACTS

Viatris is a global healthcare corporation formed in November 2020 through a combination of Mylan N.V. and Pfizer Inc.'s Upjohn business. ¶ 23.[3] The Company researches, develops, manufactures, and sells branded, generic and complex generic, biosimilars and over the counter medications. Viatris' portfolio includes over 1,400 approved molecules across a range of therapeutic areas. *Id.*.

On March 1, 2021, during Viatris' Investor's Day, the Company explained that it was embarking on a multi-phase business plan to optimize total shareholder return, under which biosimilars would "*continue to be a long-term investment strategy.*" ¶¶ 33-36. Viatris assured investors that it had a strong pipeline of biosimilars that would be "*extremely focused on our efforts to be the first to the market and believe we are well positioned for several of our key programs in the future.*" ¶ 35. Viatris explained its "*focus on biosimilars does not stop with our current pipeline programs.*" ¶ 37. Instead, the Company had "*identified 13 new target development programs, spanning additional therapeutic areas and equating to $57 billion in global brand sales.*" *Id.* Viatris continued: "*Combining our existing portfolio with these new biosimilar targets will give Viatris one of the industry's leading biosimilar pipelines with 30 products yielding a global brand value of nearly $161 billion.*" *Id.* Defendants emphasized that "*2021 is our trough year*" for "revenue, adjusted EBITDA and free cash flow." ¶ 34, 39. Viatris summed up its commitment to biosimilars: "*We have no intention to get out of biosimilars, quite the opposite.*" ¶ 44.

---

[3] Unless otherwise indicated, citations to "¶ _" are to paragraphs in the *Taylor* complaint, which are substantively identical to the allegations in the *McCord* complaint.

4

On March 10, 2021, at the Barclays Global Healthcare Conference, Viatris affirmed its commitment to biosimilars, explaining that it's "*a strategic area for us*" and that biosimilars "*will continue to be one of the key growth drivers as we launch more and more of these products in more geographies.*" ¶ 48. Viatris again emphasized that 2021 was "*a trough year,*" stating: "*And we say trough year, that's for revenue, That's for EBITDA. And it's more certainly for cash flow.*" ¶ 45. On May 10, 2021, during Viatris's earnings call for the first quarter of 2021, Viatris again stated that 2021 was Viatris's "*trough year*" stating that "we continue to feel strongly that 2021 is our trough year" and that "$6.2 billion is a true floor of our business, not just for this year but also for future years." ¶ 50.

On August 9, 2021, Viatris announced second quarter 2021 financial results and emphasized again its commitment to biosimilars because "*our biosimilars portfolio is strong. It's going to be a driver of growth going forward and something to be very proud of....*" ¶ 59. Viatris again emphasized that $6.2 billion in adjusted EBITDA was "*a true floor,*" stating that "we see *$6.2 billion in adjusted EBITDA as a true floor of our business going forward. And with the momentum we have, this is now clearer than ever*." ¶ 57.

On November 8, 2021, the Company announced third quarter 2021 financial results, highlighting the filings of a biological application for Eylea, a Botox biosimilar. ¶¶ 62-63. Viatris again reiterated that Defendants "*continue to remain confident that $6.2 billion of adjusted EBITDA is the true floor of our business.*" ¶ 63. Viatris also commented that it planned to provide a "*comprehensive review*" of its "*pipeline and clinical programs, including biosimilars,*" during its next earnings call as "*[t]hese development programs are expected to play a significant role in [our] ability to drive organic growth over time.*" ¶ 64. On December 1, 2021, Viatris attended the Evercore ISI 4th Annual HealthCONx Conference. During the conference, an analyst queried whether Viatris' investment in biosimilars would "*set the case for growth*" post-2023. ¶¶ 70-71. Viatris response that its pipeline was its catalyst for growth. That pipeline, the Company continued, included "*very strong investments in biosimilars*" that would drive growth. ¶71. Viatris also assured investors that it had many biosimilar launches planned for many years so that the contributions from 2022 and

5

2023 launches "*is not going to fade out.*" ¶ 72. Instead, these planned launches would make the Company's "*base business relatively more durable than it was yesterday or it [is] today.*" *Id.*

On February 28, 2022, however, Viatris announced plans to sell its biosimilars business to Biocon Biologics Ltd. The transaction was expected to close in the second half of 2022. ¶ 76. Viatris explained that during a strategic review of the Company, it "*took a hard look*" at the business and decided to "*balance*" Viatris with a mix of "*generics, complex generics, off patent-brands.*" ¶ 79. Yet Viatris explained that "*the biosimilars will not be a part of it....*" ¶ 90. On this announcement, Viatris shares fell from $14.54 on February 25, 2022 to $11.01 on February 28, 2022, representing a decline of more than 24 percent. ¶ 91. Its stock price has remained in that range and currently is slightly above $10 per share.

## ARGUMENT

### I. EASC is the most adequate plaintiff and should be appointed as Lead Plaintiff

The PSLRA sets forth the procedure that governs the appointment of a Lead Plaintiff in class actions arising under the federal securities laws and establishes a presumption that the "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). EASC is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

#### A. EASC's motion is timely

Under the PSLRA, any class member may move for appointment as lead plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-1(a)(3)(A)(i). On May 12, 2023, plaintiff Jason Taylor filed this Action in this District. Three days later, on May 15, counsel for Taylor, Levi & Korsinsky, published a notice on *Accesswire,* which alerted investors to the pendency of the Action and informed them that the deadline to seek appointment is July 14, 2023. *See* Ex. C (notice of pendency of *Taylor* action). On June 15, 2023, plaintiff Kathyrn McCord filed a substantially similar action against Defendants, asserting

6

Exchange Act claims during the same class period of March 1, 2021 to February 25, 2022. Two days later, on June 17, counsel for McCord, Pomerantz LLP, published a notice on *GlobalNewswire,* which alerted investors to the pendency of the *McCord* action and informed them of the same deadline to seek appointment of July 14, 2023. *See* Ex. D (notice of pendency of *McCord* action). Accordingly, EASC has timely moved for appointment as Lead Plaintiff through the filing of this motion.

### B. EASC has the largest financial interest in the relief sought by the Class

EASC should be appointed Lead Plaintiff because it has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). EASC incurred losses of about $1.1 million in losses on its purchase of 309,727 shares of Viatris common stock during the Class Period. *See* Ex. B. EASC is not aware of any other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation. Accordingly, EASC has the largest financial interest of any qualified movant and is entitled to the presumption under the PSLRA that it is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### C. EASC satisfies Rule 23's requirements

Besides possessing the largest financial interest, EASC also "satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 262–70 (3d Cir. 2001). "In this context, Rule 23 requires only that the prospective lead plaintiff have claims that are 'typical of the claims...of the class' and be able to 'fairly and adequately protect the interests of the class.'" *Strougo v. Unisys Corp.*, No. 22-cv-4529, 2023 WL 4140822, at *2 (E.D. Pa. June 22, 2023) (citing Fed. R. Civ. P. 23(a)(3), (4); *Cendant*, 264 F.3d at 263). The initial inquiry into a movant's typicality and adequacy "need not be extensive." *Cendant*, 264 F.3d at 264. Indeed, at this stage, the court should not consider "arguments by [other] members of the purported

7

plaintiff class." *Id.* at 263–64. If the movant with the largest financial interest makes a *prima facie* showing of typicality and adequacy, that movant is the presumptive lead plaintiff. *See id.* at 262–63.

EASC's claims are typical of all other Class members. The typicality requirement is satisfied if the lead plaintiff movant's claims are not markedly different than those of the other class members and the legal theories do not differ. *See id.* at 265. EASC satisfies this requirement because, like all other proposed class members, it purchased Viatris common stock during the Class Period at prices that were artificially inflated through Defendants' false and misleading statements and suffered damages. Thus, EASC's claims arise from the same factual predicate and involve substantially the same legal arguments as those of the other class members. Accordingly, EASC satisfies the typicality requirement of Rule 23.

EASC likewise satisfies the adequacy requirement of Rule 23. Rule 23's adequacy requirement seeks to guarantee that the movant with the greatest financial interest will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). *See Strougo,* 2023 WL 4140822, at *2. The adequacy requirement is met where the movant or movants are represented by adequate counsel and have no claims that conflict with or are antagonistic to the class. *See Cendant*, 264 F.3d at 265. Here, EASC satisfies the adequacy requirement because its interest in vigorously pursuing claims against Defendants—given its substantial financial losses—is aligned with the interests of the members of the class who were similarly harmed because of Defendants' false and misleading statements. Nor is there any potential conflict between EASC's interests and those of the other members of the class, and EASC is fully committed to vigorously pursuing the claims on behalf of the class. Lastly, and as discussed more fully below, EASC has shown its adequacy through its selection of Cohen Milstein as Lead Counsel to represent the class. *See Strougo,* 2023 WL 4140822, at *3 (finding movant's selection of "experienced, successful counsel…displays the prudence required of a lead plaintiff").

8

### D. EASC is precisely the type of lead plaintiff envisioned by the PSLRA

EASC is an institutional investor with substantial experience serving as lead plaintiff under the PSLRA. *See* Ex. A. Thus, EASC is also the prototypical investor Congress sought to encourage to lead securities class actions. *See* H.R. Rep. No. 104-369, at *34, *reprinted in* 1995 U.S.C.C.A.N. at 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *Cendant*, 264 F.3d at 244 (identifying Congress's preference for institutional investors as lead plaintiffs). EASC is thus a sophisticated institutional investor with the experience and resources sufficient to adequately litigate the action and supervise class counsel.

## II. The Court should approve EASC's selection of lead counsel and liaison counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-1(a)(3)(B)(v); *Cendant*, 264 F.3d at 276 (noting that the PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Courts should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See In re Cohen v. United States Dist. Ct. for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice").

Here, EASC has selected and retained Cohen Milstein to serve as Lead Counsel for the class. EASC's selection of counsel should be approved. *See* 15 U.S.C. § 78u-1(a)(3)(B)(v). Cohen Milstein is a firm with undisputed skill in litigating securities fraud class actions. See Ex. E (Cohen Milstein Firm Resume). Most recently, Law 360 named Cohen Milstein 2022 Practice Group of the Year in Securities and Chambers USA named Cohen Milstein Top Ranked for Securities Litigation. Indeed, Cohen Milstein has worldwide expertise as counsel for U.S. and non-U.S. institutional investors who have been the victims of securities fraud. By applying innovative legal theories and litigation strategies, Cohen

Milstein has recovered billions of dollars for investors in some of the largest and most complex securities class actions. A few of Cohen Milstein's notable recoveries include: a $1 billion settlement in a securities fraud class action lawsuit against Wells Fargo, captioned *In re Wells Fargo & Company Securities Litigation*, No. 1:20-cv-04494 (S.D.N.Y.); a $500 million settlement in the mortgage-backed securities class action against Countrywide Financial Corp., captioned *Maine State Retirement System v. Countrywide Fin. Corp.*, No. 10-cv-302 (C.D. Cal.); a $275 million settlement in a mortgage-backed securities class action against the Royal Bank of Scotland, captioned *New Jersey Carpenters Health Fund v. The Royal Bank of Scotland Grp., plc*, No. 08-cv-5310 (S.D.N.Y.); $335 million in settlements in a class action against Residential Accredit Loans, Inc. and various investment banks, captioned *New Jersey Carpenters Health Fund v. Residential Cap., LLC*, No. 08- cv-8781 (S.D.N.Y.); and a $90 million settlement in a class action against MF Global, captioned *Rubin v. MF Glob., Ltd.*, No. 08-cv-2233 (S.D.N.Y.). EASC has also selected and retained Flannery Georgalis to serve as Liaison Counsel. Founded in 2017 by two former federal prosecutors from the Northern District of Ohio, Flannery Georgalis is a litigation firm with offices in Pittsburgh, Cleverland, Columbus, Charlotte, and Detroit, consisting of former federal and state prosecutors and former federal special agents with experiencing in complex criminal and civil matters in state and federal courts, agencies, and regulators. *See* Ex. F (Flannery Georgalis Firm Submission).

Thus, the Court may be assured that, in the event this motion is granted, the class will receive the highest caliber of legal representation available.

### III. The related actions should be consolidated

Under the PSLRA, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [regarding the

appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

District courts have discretion under Federal Rule 42(a) to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, the *Taylor* and *McCord* actions assert substantively identical claims and allegations against the same defendants and based on the same theory for recovery. Accordingly, the *McCord* action should be consolidated with the earlier filed *Taylor* action under the caption *In re Viatris Securities Litigation,* No. 2:23-cv-00812.

## CONCLUSION

For these reasons, movant Eastern Atlantic States Carpenters Benefit Funds requests that the Court enter an order: (i) appointing Eastern Atlantic States Carpenters Benefit Funds as Lead Plaintiff; (ii) approving its selection of Cohen Milstein to serve as Lead Counsel for the Class and Flannery Georgalis to serve as Liaison Counsel for the Class; and (iii) consolidating the *Taylor* and *McCord* actions.

Dated: July 14, 2023

Respectfully Submitted,

*/s/ Colin Callahan*

FLANNERY | GEORGALIS LLC
Colin Callahan (P.A. I.D. #328033)
707 Grant Street, Suite 2750
Pittsburgh, PA 15219
Tel: (412) 254-8602
ccallahan@flannerygeorgalis.com

*Proposed Liaison Counsel for Proposed Lead Plaintiff Eastern Atlantic States Carpenters Pension, Annuity and Health Funds*

COHEN MILSTEIN SELLERS & TOLL PLLC
Steven J. Toll (*pro hac vice pending*)
Jan E. Messerschmidt (*pro hac vice pending*)
1100 New York Avenue NW, Suite 500
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
jmesserschmidt@cohenmilstein.com

Christina D. Saler
Three Logan Square
1717 Arch Street, Suite 3610
Philadelphia, PA 19103
Tel: (267) 479-5700
Fax: (267) 479-5701
csaler@cohenmilstein.com

*Counsel to Proposed Lead Plaintiff Eastern Atlantic States Carpenters Pension, Annuity and Health Funds and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I, Colin Callahan, hereby certify that on July 14, 2023, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's CM/ECF automated filing system.

*/s/ Colin Callahan*
Colin Callahan
